OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and appellant’s motion for summary judgment dismissing the complaint granted.
Plaintiff is not entitled to credit under the New York State Employees’ Retirement System for the 8.96 years of service while he was an employee under the New York City Employees’ Retirement System. When plaintiff transferred from the city system to the State system on January 1, 1969, the Administrative Code of the City of New York did not permit a retired city employee, who thereafter reentered city employment, to combine his two periods of public service for purposes of determining pension benefits under the city system. (Administrative Code of City of New York, former § B3-47.0, amd L 1969, ch 735 [eff July 1, 1969].) Inasmuch as plaintiff was not entitled to any credit under the city system for the 8.96 years of service for the period from March, 1946 to December, 1959, he is not entitled under the State system to any credit for that period of service. (Retirement and Social Security Law, § 43, subds b, d.)
Nor does section 101 of the Retirement and Social Security Law serve to alter this result. That section applies only to a “retired member” returning to public service. (Retirement and Social Security Law, § 101, subd a.) For purposes of article 2 of the Retirement and Social Security Law, a *662 “member” is defined as “[a]ny person included in the membership of the retirement system” (Retirement and Social Security Law, § 2, subd 16), and the “retirement system” is defined as the “New York state employees’ retirement system”. (Retirement and Social Security Law, § 2, subd 28.) In 1969, plaintiff was not a “retired member” of the State system returning to public service. Rather, he was a member of the city system transferring to the State system. As such, plaintiff cannot claim the benefits of subdivision a of section 101 of the Retirement and Social Security Law.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum; Judge Gabrielli taking no part.
Order reversed, etc.